No. 26-1878

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

JARED DEMARINIS, in his official capacity as State Administrator of
Elections for the State of Maryland,

Defendant-Appellee

MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS; COMMON
CAUSE; OUT FOR JUSTICE, INC.; CARL SNOWDEN; MYRIAM
PAUL; LUIS SIMS,

Intervenors-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
CASE NO. 1:25-cv-3934-SAG
The Honorable Stephanie A. Gallagher

APPELLANT'S OPPOSED EMERGENCY MOTION TO EXPEDITE
BRIEFING

THIS MOTION REQUESTS RELIEF BY JULY 17, 2026

## EMERGENCY MOTION TO EXPEDITE APPEAL

Pursuant to 28 U.S.C. 1657 and Fourth Circuit Local Rule 12(c), Plaintiff-Appellant United States hereby respectfully requests that this Court expedite the briefing and hearing date on this appeal because it raises an issue of urgency with regard to the security of elections in the United States. The parties can present this appeal, which raises pure questions of law, on the existing record.

This appeal is about the United States' capacity under the Civil Rights Act of 1960 (CRA) to investigate Maryland's compliance with federal law regarding voter registration under the National Voter Registration Act (NVRA) and the Help America Vote Act (HAVA). In passing the NVRA, Congress recognized the importance of properly maintained voter-registration systems in "increas[ing] the number of eligible citizens who register to vote in [federal] elections" and "protect[ing] the integrity of the electoral process." 52 U.S.C. 20501(b)(1) and (3). HAVA requires states to implement a single centralized computerized statewide voter registration list (SVRL) that contains "the name and registration information of every legally registered voter in the State." 52 U.S.C. 21083(a)(1)(A)(ii). The HAVA mandates that "[a]ll voter

- 2 -

registration information obtained by any local election official in the State shall be electronically entered into the [SVRL] on an expedited basis at the time the information is provided to the local official." 52 U.S.C. 21083(a)(1)(A)(vi). The SVRL is the preeminent statewide election record as the HAVA requires that the SVRL "shall serve as the official voter registration list for the conduct of all elections for Federal office in the State." 52 U.S.C. 21083(a)(1)(A)(viii). In order to ensure integrity in the electoral process, the HAVA mandates that the "appropriate State or local election official shall perform list maintenance with respect to the computerized list on a regular basis." 52 U.S.C. 21083(a)(2)(A). Because the district court's order denies the United States access to the paramount record for the conduct of Maryland's federal elections — the electronic version of the SVRL — the district court's order prohibits the United States from carrying out its investigation.

Maryland's next federal election is rapidly approaching, with the general election on November 3, 2026. Weeks before November 3, Maryland will be mailing absentee and mail-in ballots to millions of Maryland voters, many of them potentially registered ineligible voters, fraudulent registrants, or individuals who should not have been

registered. Although resolution of this appeal will only affect the integrity of the general election, Maryland voters need to know that the election is secure and that non-citizens, deceased, former residents, non-residents, and voters with multiple records are not registered to vote in that election.

Given this timeline, there is good cause to expedite the appeal. *See* 28 U.S.C. 1657(a). This case should be expedited, with resolution as soon as practicable, as a matter of fairness to all sides. Maryland's voters and election officials need a quick answer. The Department of Justice regrets asking for such speedy work from this Court, but as this Motion details, this timing is not of United States' making.

The United States respectfully requests that the Court set a briefing schedule as follows:

- United States's opening brief would be due on July 24, 2026;

- Maryland's response brief would be due on August 07, 2026; and

- United States's reply brief would be due on August 14, 2026.

The United States suggests that any *amicus curiae* briefs be due on the same day as the party an *amicus* supports. The United States is also willing to waive oral argument, despite the great importance of the issues

here, to allow faster resolution of this case. Of course, the United States will participate in oral argument if the Court believes that the benefit of oral argument would outweigh the time concerns and would request that argument take place during the September 15-18, 2026, sitting or at an earlier special hearing.[1]

Counsel for Defendant State Administrator of Elections Jared DeMarinis and for all Defendant-Intervenors have informed the United States that they will file oppositions to the Motion to Expedite Appeal.

## PROCEDURAL BACKGROUND

This is an appeal from the district court's order in *United States v. DeMarinis*, No. 1:25cv3934, 2026 WL 1780586 (D. Md. June 18, 2026), granting Administrator DeMarinis's motion to dismiss and denying the United States' motion to compel based on Title III of the Civil Rights Act of 1960.

1. Congress passed the CRA to strengthen the Civil Rights Act of 1957, which had "authorized the Attorney General to seek injunctions against public and private interference with the right to vote on racial

---

[1] The United States asks for relief from this Court by July 17—one week prior to the United States' proposed due date—for the benefit of any potential *amici curiae* who may desire to file.

- 5 -

grounds." *South Carolina v. Katzenbach*, 383 U.S. 301, 313 (1966). The CRA "permitted the joinder of States as parties defendant" in such suits and "authorized courts to register voters in areas of systematic discrimination." *Ibid.* In addition, Title III of the CRA "gave the Attorney General access to local voting records." *Ibid.*; *see* 52 U.S.C. 20701 *et seq.*

Under Title III, "[e]very officer of election shall retain and preserve, for a period of twenty-two months from the date of any [federal] general, special, or primary election . . . all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election." 52 U.S.C. 20701. In the key provision here, Title III further provides:

> Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative. This demand shall contain a statement of the basis and the purpose therefor.

52 U.S.C. 20703. Under 52 U.S.C. 20705, "[t]he United States district court for the district in which a demand is made pursuant to section

- 6 -

20703 of this title, or in which a record or paper so demanded is located, shall have jurisdiction by appropriate process to compel the production of such record or paper."

The National Voter Registration Act of 1993, along with the Help America Vote Act, contains provisions designed to help the federal government ensure that States are overseeing federal elections in a fair and honest manner and "to protect the integrity of the electoral process." 52 U.S.C. 20501(b)(3). Those statutes' requirements include recordkeeping obligations, 52 U.S.C. 20507(i)(1), and the duty to make reasonable efforts to maintain lists of eligible voters that do not include the names of ineligible voters, 52 U.S.C. 20507(a)(4)(A)-(B), 21083(a)(1)(A). In HAVA, Congress explicitly established standards for states' voting systems and statewide voter registration lists. 52 U.S.C. 21081, 21083.

Of highest importance to this litigation, HAVA requires states to implement a single centralized computerized statewide voter registration list (SVRL), and mandates that the "appropriate State or local election official shall perform list maintenance with respect to the computerized list on a regular basis." 52 U.S.C. 21083(a)(1)(A) and (a)(2)(A). This

- 7 -

process includes removing "individuals," "registrants," and "ineligible voters," who should not appear on the lists. 52 U.S.C. 21083(a)(2)(A)(i)-(iii). The Attorney General may also bring a civil action against any state to enforce HAVA's requirements. 52 U.S.C. 21111.

2. On July 14, 2025, the United States Department of Justice (the Department or DOJ) sent a letter (the July 14 letter) to State Administrator of Elections Jared DeMarinis, "concerning Maryland's compliance with federal election laws." *See DeMarinis*, 2026 WL 1780586, at *1. In this letter, the DOJ requested that Administrator DeMarinis produce for inspection "the current electronic copy of Maryland's computerized [SVRL] as required by Section 303(a) of the Help America Vote Act" including "all fields contained within the list." *Ibid.* On August 18, 2025, the DOJ sent a second letter (the August 18 letter) to Administrator DeMarinis which "(1) reiterated the United States' demand for a copy of the computerized SVRL; (2) specified that the request was made pursuant to the National Voter Registration Act, the Help America Vote Act, and Title III of the Civil Rights Act of 1960; and (3) stated that the purpose of the request was to ascertain Maryland's compliance with the list maintenance requirements of the NVRA and

HAVA." *Ibid.* (quotation marks omitted) This letter again requested that Administrator DeMarinis provide a copy of the SVRL that "contains all fields, which includes the registrant's full name, date of birth, residential address, and his or her state driver's license number or the last four digits of the registrant's social security number." *Ibid.* Because Administrator DeMarinis refused to comply with the Department's demand for Maryland's SVRL, the DOJ brought suit on December 1, 2025, alleging that this refusal violated Section 303 of the CRA, 52 U.S.C. 20703. The United States moved to compel production of the SVRL. Doc. 2.

On June 18, 2026, Judge Stephanie A. Gallagher entered an order dismissing the United States' Complaint, concluding that Maryland's SVRL is not a "record" within the meaning of Title III. 52 U.S.C. 20701. First, the court determined that the SVRL does not "come into [the] possession" of state officials because it "is created by state officials." *DeMarinis*, 2026 WL 1780586, at *4. Second, the court concluded that if Title III encompassed "constantly updated and, thus, altered" documents such as Maryland's SVRL, then Title III would "conflict with an adjacent provision, 52 U.S.C. § 20702, which criminalizes the alteration of any record or paper covered by § 20701." *Id.* at *5.

- 9 -

The United States appeals from the Order of Dismissal. The district court's rulings are contrary to the law as written. An expedited appeal is necessary to secure the elections in Maryland and afford Maryland the time to conduct any necessary voter-roll maintenance prior to the election this fall.

## ARGUMENT

The United States recognizes that it seeks a tight window for briefing and decision but urges that the Court should expedite the appeal because time is short, and Maryland voters deserve an answer from this Court on such a major issue. In the absence of a prompt resolution of the issue this appeal presents, irreparable harm will occur to voters of Maryland and the United States in enforcing laws designed to protect the integrity of elections. Indeed, other federal courts of appeals have expedited appeals in parallel cases brought by the United States demanding SVRLs under the CRA and raising similar issues. *See United States v. Benson*, No. 26-1225 (6th Cir. argued May 13, 2026); *United States v. Oregon*, No. 26-1231 (9th Cir. argued May 19, 2026); *United States v. Weber*, No. 26-1232 (9th Cir. argued May 19, 2026); *contra* Order, *United States v. Amore*, No. 26-1665 (1st Cir. July 6, 2026); Order,

- 10 -

*United States v. Wisconsin Elections Comm'n*, No. 26-2217 (7th Cir. June 23, 2026). Moreover, this Court routinely expedites appeals in election cases, given their time-sensitive nature. *See, e.g., Pierce v. North Carolina State Bd. of Elections*, 97 F.4th 194, 202 (4th Cir. 2024) (granting expedited review of Voting Rights Act claim); *Wood v. Quinn*, 230 F.3d 1356 (4th Cir. 2000) (Table) (granting expedited review of challenge to ballot-inclusion requirements).

**First**, this appeal presents the important purely legal question of how a court is to adjudicate the United States' demand for federal election records to enforce the CRA and the NVRA.

Section 301 of Title III of the CRA imposes a "sweeping" obligation on election officials. *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962). It provides that "[e]very officer of election shall retain and preserve, for a period of twenty-two months from the date of [a federal election] *all* records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election." 52 U.S.C. 20701 (transferred from 42 U.S.C. 1974) (emphasis added).

- 11 -

Section 303 provides the Attorney General of the United States a correspondingly sweeping power to obtain Federal election records: "Any record or paper required by [52 U.S.C. 20701] to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying . . . by the Attorney General or his representative." 52 U.S.C. 20703. The written demand need only "contain a statement of the basis and the purpose therefor." 52 U.S.C. 20703; *Coleman v. Kennedy*, 313 F.2d 867, 868 (5th Cir. 1963) (per curiam).

The district court erred in holding that the SVRL is not a record within the meaning of the CRA. The phrase "come into his possession" does not exclude from the scope of Section 301 all government-generated records. 52 U.S.C. 20701. If it did, then the most incriminating of internal memoranda would be beyond the Attorney General's reach and, armed with only voter registration applications, the Attorney General would have no documentary means of determining which applications had been accepted and which rejected. And the Supreme Court has itself used the phrase "come into . . . possession" to refer to materials that an agency

- 12 -

"either create[d] or obtain[ed]." *United States Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 144-145 (1989) (emphasis added) (quoting *Forsham v. Harris*, 445 U.S. 169, 182 (1980)). The phrase "come into his possession" conveys that an election official's responsibility arises at the moment he obtains possession of a covered document; it does not otherwise limit the broad swath of documents covered by the language "relating to any application, registration, payment of poll tax, or other act requisite to voting." 52 U.S.C. 20701.

52 U.S.C. 20702 does not exclude SVRLs from the scope of Title III. *Contra United States v. DeMarinis*, No. 1:25cv3934, 2026 WL 1780586, at *5 (D. Md. June 18, 2026). That provision authorizes the imprisonment of anyone who "steals, destroys, conceals, mutilates, or alters any record or paper required by section 20701." 52 U.S.C. 20702. Under the *noscitur a sociis* canon, which instructs that "a word is 'given more precise content by the neighboring words with which it is associated,'" *Fischer v. United States*, 603 U.S. 480, 487 (2024) (citation omitted), the word "alters" describes an action taken to make a document unavailable, inaccessible, or inaccurate for evidentiary purposes, *see id.* at 489-490. Performing list

maintenance that is legally required by NVRA and HAVA is therefore not "alter[ing]" the SVRL at all, let alone "willfully." 52 U.S.C. 20702.

**Second**, an expedited appeal will allow the United States to confirm that Maryland's voter rolls are composed solely of individuals who are eligible to vote in the 2026 federal statewide elections.

Maryland's next federal election is rapidly approaching, with the general election on November 3, 2026. Although the NVRA limits "systematic[] remov[als]" within 90 days of "the date of a primary or general election for Federal office," *see* 52 U.S.C. 20507(c)(2)(A), Maryland retains tools to remove individuals, including non-citizens and those with fraudulent voter applications, including through non-systematic processes after that date. *See Bell v. Marinko*, 367 F.3d 588, 591-592 (6th Cir. 2004); *cf. Arcia v. Florida Sec'y of State*, 772 F.3d 1335, 1344-1346 (11th Cir. 2014); *Virginia Coal. for Immigrant Rights v. Beals*, No. 24-2071, 2024 WL 4601052, at *1 (4th Cir. Oct. 27, 2024). Similarly, HAVA mandates that the "appropriate State or local election official shall perform list maintenance with respect to the computerized list on a regular basis." 52 U.S.C. 21083(a)(2)(A).

- 15 -

Maryland would not be prejudiced by expediting the appeal. Any nominal burden caused by a condensed briefing cycle is mitigated by the thorough briefing that has already occurred on the straightforward legal question in the court below. For that matter, extensive briefing—both at the district court and appellate level—has been percolating on this exact legal question across approximately thirty analogous cases nationwide. The urgency and importance of the issue presented in this appeal far outweighs any incidental burden on balance. More importantly, if anything, a rapid resolution of this matter will permit Maryland to conduct an election this fall without the specter of non-citizens and ineligible voters remaining on its voter rolls.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to expedite this case. The United States urges the adoption of the schedule listed above, or any alternative schedule that would allow a decision in time.

Respectfully submitted,

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Principal Deputy Assistant
  Attorney General

s/ Andrew G. Braniff
ANDREW G. BRANIFF
  Attorney
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C. 20044-4403
  (202) 532-3803

Date: July 14, 2026

- 16 -

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 2747 words, excluding the parts exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Andrew G. Braniff  
ANDREW G. BRANIFF  
Attorney

Date: July 14, 2026